UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22998-BLOOM

CATALIN AIONESEI-LUPU,

    Plaintiff,
v.

UNITED STATES
ATTORNEY GENERAL,
*William Barr*, *et al.*,

    Defendants.
_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS – 28 U.S.C. § 2241

**THIS CAUSE** is before the Court upon Petitioner Catalin Aionesei-Lupu's ("Petitioner") Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. section 2241, ECF No. [1], filed July 21, 2020. The Court has carefully considered the Petition, the record in this case, and is otherwise fully advised. For the reasons that follow, the Petition is denied as premature.

    **I.**    **INTRODUCTION**

Petitioner is a native and citizen of Romania. *See* Pet. 2. Petitioner first entered the United States in September 2007, but, according to Petitioner, an immigration judge ordered his removal on March 27, 2014. *See id.* 3. Several years later, on January 31, 2020, Petitioner was taken into custody. *See id.* He is currently housed in the Krome Service Processing Center in Miami, Florida. *See id.* 1. To date, Immigration and Customs Enforcement ("ICE") has been unable to deport or remove Petitioner. *See id.* 3.

Petitioner now challenges his continued detention by the Department of Homeland Security ("DHS") and ICE. As relief, Petitioner requests the Court declare his continued detention is not authorized by the Immigration and Nationality Act ("INA") or the Fifth Amendment to the United

States Constitution. *See* Pet. 7. Petitioner also seeks a writ of habeas corpus directing his immediate release. *See id.*

## II.     LEGAL STANDARD

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. section 2241. Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. section 2241 is appropriate when the petition plainly reveals that relief is not warranted under Rule 4. *See* 28 U.S.C. § 2243 (providing that a section 2241 petition can be dismissed unless it appears from the application that the person detained is entitled to the relief); *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Through this lens, the Court addresses the instant Petition. No order to show cause has been issued because on the face of the Petition it is evident Petitioner is not entitled to relief.

## III.    DISCUSSION

As noted, Petitioner advises the Court he was ordered removed or deported on March 27, 2014, and detained several years later, on January 31, 2020. *See* Pet. 2. When an alien is ordered removed, the Attorney General must remove the alien from this country within a period of ninety days. *See* 8 U.S.C. § 1231(a)(1)(A). During this ninety-day period, the alien remains in custody. *See* 8 U.S.C. § 1231(a)(2). Here, the record is silent as to why Petitioner was ordered removed or deported on March 27, 2014, but not detained for several years.

The initial removal period begins on the latest of the following:

>    (i)     The date the order of removal becomes administratively final;

> (ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). However, certain removable aliens may be detained beyond the ordinary ninety-day removal period. *See* 8 U.S.C. § 1231(a)(6); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002). The Attorney General may detain an alien, "who has been determined . . . to be a risk to the community or unlikely to comply with the order of removal," beyond the initial ninety-day period. 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court concluded that 8 U.S.C. section 1231(a)(6) does not authorize immigration officials to hold removable aliens in custody indefinitely. *Id.* at 689, 696–99. Although an alien can be detained during the ninety-day removal period contemplated by the statute, the alien can be held for only a reasonable period after that. *Id.* at 699–701. The Court explained that the statute contains an implicit temporal limitation on the government's authority to detain aliens and that the total reasonable period of detention (including the ordinary ninety-day removal period under section 1231(a)(1)-(2))[1] is presumed to be six months, unless immigration officials can show that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Thus, to be granted relief from a post-removal order of detention pursuant to *Zadvydas*, a petitioner must first show that he has been detained beyond the presumptively reasonable six-

---

[1] "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052.

month period to detain a removable alien. *See id.* at 699–701. *See also Akinwale*, 287 F.3d at 1051–52. Second, a petitioner must also provide good reason to believe that there is no significant likelihood of removal in the foreseeable future. *Zadvydas*, 533 U.S. at 698–701; *Akinwale*, 287 F.3d at 1052. The Eleventh Circuit in *Akinwale* held that to state a claim under *Zadvydas*, the six-month presumptively reasonable removal period must have expired at the time the alien filed his section 2241 petition, and that the petitioner "must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 287 F.3d at 1052. In that case, the Eleventh Circuit affirmed the district court's adoption of the magistrate judge's recommendation that the petition should be dismissed without prejudice because the alien filed it prematurely. *Id.*

Notwithstanding the uncertainty regarding the date of the final order of removal, Petitioner informs the Court his "removal period began around January 31, 2020." Pet. 6. Thus, the initial ninety-day statutory removal period expired on April 30, 2020, and the additional ninety-day period is set to expire on July 29, 2020. Petitioner concedes the same in his Petition. *See id.* ("Rough calculations tell us [Petitioner's] ninety-day removal period ended at the end of April 30, 2020, and his 180day [*sic*] removal period ends on July 29, 2020."). Petitioner mailed his Petition to the Clerk of the Court on July 18, 2020, *see* Pet. 8, and it was filed on July 21, 2020. Therefore, because the Petition was filed before the six-month removable period had expired, it is due to be dismissed without prejudice as it is premature at this time.

### IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus, **ECF No. [1]**, is **DISMISSED without prejudice**:

Case No. 1:20-cv-22998-BLOOM

2. Petitioner may refile his Petition should he remain in detention after the six-month removeable period has expired

3. All pending motions are **DENIED as moot**;

4. The Clerk of the Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 22, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Catalin Aionesei-Lupu
A087-417-960
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
*PRO SE*